# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:90-CR-60011-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **WILLIAM QUINN (01)** | |

## ORDER and REASONS

Before the Court is a letter motion, whereby Defendant William Quinn, proceeding pro se, moves the Court to expunge his criminal conviction. Quinn was convicted at trial of money laundering and sentenced to 37 months of imprisonment. *U.S. v. Quinn*, 32 F.3d 565 (5th Cir. 1994). Quinn's conviction and sentenced were affirmed on direct appeal. *Id.* at *1. Thereafter, Quinn sought relief pursuant to 28 U.S.C. § 2255, which was denied by the district court and subsequently affirmed on appeal. *Id.* at *1, *2.

Quinn has cited no statutory authority authorizing the Court to expunge his criminal conviction.[1] While the Fifth Circuit has recognized that courts may expunge criminal records under their inherent authority in exceptional circumstances[2], the Fifth Circuit has made clear that a district court may not order the expungement of a valid conviction. *U.S.*

---

[1] Congress has granted courts statutory authority to expunge certain criminal convictions. *See e.g.*, 18 U.S.C. § 3607(c) (allowing persons convicted of violating the Controlled Substances Act to apply for expungement if they were less than twenty-one years old at the time of the offense and other conditions are met). However, the Court is unaware of any similar provisions for persons convicted of money laundering.

[2] *See Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997).

*v. Scott*, 793 F.2d 117 (5th Cir. 1986). As Quinn's conviction remains valid, this Court is without authority to expunge the conviction.

For these reasons, Quinn's motion is DENIED.

SIGNED this 28th day of May, 2019.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE